## NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA *v.* WILLIAM S. THRALL, ET AL.

[No. 34, April Term, 1942.]

*Decided July 20, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, FORSYTHE, and MARBURY, JJ.

*J. Dudley Digges,* with whom were *Sasscer & Digges* on the brief, for the appellant.

*T. Van Claggett, Jr.,* and *J. Paul Bailey,* with whom was *A. Kingsley Love* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

This suit is on a fire insurance policy issued by the National Liberty Insurance Company of America to William S. Thrall on a store building and stock of merchandise at Bushwood in St. Mary's County. The policy was

for $2,500, of which $1,500 was on the building and $1,000 on the stock. The loss, if any, was payable to William S. Thrall and to the First National Bank of St. Mary's, which had liens on this and other property of Thrall much in excess of the amount of the policy. The store and contents were totally destroyed by fire April 30, 1935. Proof of loss was furnished the insurer three weeks later, and on its refusal to pay, suit was brought in St. Mary's County, August 10, 1935, whence, on October 25, 1935, it was removed to Prince George's County. The declaration joined William S. Thrall and the First National Bank of St. Mary's as plaintiffs. The insurer demurred, but before any action on the demurrer, an amended declaration was filed May 5, 1936, in which the "First National Bank of St. Mary's a body corporate, and the First National Bank of St. Mary's, a body corporate, assignee of William S. Thrall," were named as plaintiffs. Over a year later, on August 6, 1937, a second amended declaration was filed, in which William S. Thrall and First National Bank of St. Mary's were named as plaintiffs, to which the defendant filed nine pleas; the first two general issues, the third, fourth, fifth and sixth pleaded the failure of the insured to keep a full and complete inventory and record of sales as required by the policy, the seventh, the violation of the terms of the iron safe clause. The eighth and ninth pleas were pleas of limitations, alleging that the parties plaintiff named in the second amended declaration filed August 6, 1937, over two years after the fire, were not the same parties named in the first amended declaration filed May 5, 1936, the policy requiring any action to be taken within twelve months next after the fire. The plaintiffs filed their replication, joining issue on the first and second pleas, traversing the others. The defendant for rejoinder joined issue on the replication to the third, fourth, fifth, sixth and seventh pleas, and demurred to the eighth and ninth replications. The demurrer was sustained, and the next entry was "Issue joined on the 8th and 9th pleas."

There was an instructed verdict for the defendant against Thrall, and a judgment in favor of the First National Bank of St. Mary's for $1,500, the insurance on the building, from which the insurance company, defendant, appeals.

There are thirteen exceptions, the first to the admission in evidence of the insurance policy, which the defendant contends was improper because of the ruling on the demurrer to the eighth and ninth replications.

The second and third exceptions went to the qualifications of R. Bascom Broun, Jr., cashier of the bank, to testify as to the value of the insured property; the fourth to the sufficiency of the proof of loss; the fifth and sixth were to the qualifications of Mr. Thrall, the owner, to testify as to its value; the seventh, eighth, ninth, tenth, eleventh and twelfth were on questions to Mr. Broun as to whether obligations to the bank had been paid.

The thirteenth exception was to adverse rulings on the prayers. The plaintiffs had one prayer, which was granted; the defendant fourteen, one of which, the tenth, was withdrawn, three were granted, and ten refused.

The question argued almost exclusively was the contention that the claim of the First National Bank of St. Mary's was barred by contractual limitations because suit was not instituted within the period of one year as provided in the insurance policy. The question was raised by the demurrer to the eighth and ninth replication to the eighth and ninth pleas, and by the first exception, which was to the court allowing the insurance policy to be introduced in evidence, and the first and fourteenth prayers, both of which asked directed verdicts, the first assuming the truth of its eighth and ninth pleas which were not true as to the bank. The defendant offered no protest nor objection to issues being joined on its eighth and ninth pleas, and assumes that the ruling on its demurrer amounted to a nonsuit. This naturally suggests the question as to whether a trial judge is bound at the trial to accept the rulings on the pleadings which have been passed upon by another judge.

Trial courts are bound by the decisions of the Court of Appeals, until they may be overruled. Until then they are precedents to be followed and obeyed. There is no decision or statute which requires one *nisi prius* judge to accept as final and conclusive the decisions on the law before trial of another judge or court. There seems to be some sense, however, in the idea that the trial judge, who occupies a position of greater responsibility, should have the right to reject a prior decision of a judge of equal jurisdiction in the same case which he may believe to be erroneous. It is not necessary, however, to decide this question, as we have reached a conclusion on other grounds.

The rule is that a plea of limitations must be traversed. What it should have done was to compel the plaintiffs either to *non pros* or take an appeal from the ruling on demurrer. The declarations had never changed so far as the interest of the bank was concerned, the contract, the subject matter of the suit, remained the same. It is admitted that the original declaration was filed in less than a year after the fire. It is well settled that when a belated amended declaration introduces a new cause of action, after the period of limitations expires, limitations will apply. *Poe's Pleading* (Tiffany), Sec. 619; *Middendorf, Williams & Co. v. Alexander Milburn Co.*, 137 Md. 583, 113 A. 348; *Strasbaugh v. Steward Sanitary Can Co.*, 127 Md. 632, 96 A. 863; *Spencer v. Baltimore & Ohio R. R.*, 126 Md. 194, 201, 94 A. 660; *Schuck v. Bramble*, 122 Md. 411, 89 A. 719; *Hamilton v. Thurston*, 94 Md. 256.

When the defendant allowed the trial to go on after the plaintiff had joined issue on its eighth and ninth pleas, and submitted the truth of its allegations to the court and jury for trial, it waived the regularity or appropriateness of its entry. *Poe's Pleading* (Tiffany), Sec. 670; *Tyson v. Rickard*, 3 Har. & J. 109, 115; 5 *Am. Dec.* 424; *Soper v. Jones*, 56 Md. 503, 510. What the defendant pleaded applies to Thrall as he was left out of the first amended declaration, and did not come back into

the case until the second amended declaration, more than a year later. But that doesn't apply to the bank; it was always in the case, in every declaration, for all the interest it had in the policy to the extent of the coverage on the building. It is easy to see why the demurrer was sustained as to Thrall, but otherwise as to the bank.

For the reasons given we are of the opinion that the plaintiff should have been, as it was, permitted to offer the policy in evidence and that the prayers for directed verdicts be refused.

The second question was as to the qualifications of the two witnesses, Messrs. Broun and Thrall, to testify to the value of the real estate. Mr. Broun had had much experience in appraising property for loans, and only two years prior to the fire as one of a committee of his bank appraised the building with which we are concerned at $2,500. Mr. Thrall, the owner, described the building in detail; he did not say what he paid for it, but he had improved it to the extent of $1,200. Ownership does not disqualify one from testifying to base his estimate on cost. Cost is always an element in valuation. The admissibility of such testimony is supported by *Western Union Tel. Co. v. Rasche,* 130 Md. 126, 131, 99 A. 991; *Cooley's Briefs on Insurance,* 2d Ed., 5151, and justifies the action of the court in allowing the witnesses to testify. The trial court has a wide discretion in deciding when such evidence is admissible. The facts and character of the estimates or opinions required in *Park Land Corp. v. City of Baltimore,* 128 Md. 611, 98 A. 153; and *Baltimore Refrigerating & Heating Co. v. Kreiner,* 109 Md. 361, 71 A. 1066, cited by the defendant, show they would have no application to property such as we have here. Certain it is that the property is worth much more than $1,500.

The third question was as to the sufficiency of the proof of loss. It was made out, with the assistance of the company's agent on a blank furnished by it. Objection made was that it did not show the insurable interest of the bank. The policy on its face showed the

interest of the bank, and besides it knew the bank held the policy. "Knowledge by an insurance company of the condition of the title" will prevent the company from later questioning it. *Mutual Fire Ins. Co. v. Owen,* 148 Md. 257, 264, 129 A. 214, 217; *United States Fire Ins. Co. v. Merrick,* 171 Md. 476, 190 A. 335. The proof of loss is notice to the company what has been damaged, and the company in this case knew who the claimants were, or would be. The fourth question was on the refusal of the court to permit the defendant to know what money was due the bank from Thrall at the time of trial, six years after the fire. They were entitled to know whether he owed it anything, but it appeared from the proffer that it would or hoped to show that the bank had bought in other property belonging to him, and sold it for more than his debts. What it was bought in for would be a proper credit, but what the bank received for it on resale would not be the measure of credit to be given. It appears that after the public sales he still owed $1,959.85, an amount much in excess of the interest of the bank in the policy, so that no harm was done by the exclusion of any of the evidence.

The fifth and last question raised was non-compliance by Thrall with the "Iron Safe Clause." It has often been held by this court that failure to observe this clause will violate a contract of insurance. *Joffe v. Niagara Fire Ins. Co.,* 116 Md. 155, 164, 81 A. 281, 51 *L. R. A. (N. S.)* 1047, *Ann. Cas.* 1913C, 1217; *Miller v. Home Ins. Co.,* 127 Md. 140, 147,, 96 A. 267, *Ann. Cas.* 1918E, 384; *Rhode Island Ins. Co. v. Phelps,* 141 Md. 362, 369, 118 A. 749. Appellee contends they have no application in this case, because the iron safe clause applies only to the stock of goods and not to the building. This contention is at variance with the decision in *Joffe v. Niagara Fire Ins. Co.,* 116 Md. 155, 164, 81 A. 281, 51 *L. R. A. (N. S.)* 1047, *Ann. Cas.* 1913C, 1217, following the decision in *Bowman v. Franklin Fire Ins. Co.,* 40 Md. 620, that the insurance policy is one entire contract, even though the property insured consists of several distinct

26

and wholly independent items. These decisions are at variance with those in many other States, amongst which are New York and Massachusetts. There was evidence from which a jury might find substantial compliance, and the appellant was granted a prayer submitting the question to the jury for decision.

Aside from all that has been said, it would be a gross injustice to defeat an honest claim, such as we have here, by the approval of such narrow technicalities as we have been asked to apply.

*Judgment affirmed, with costs.*