## STANFORD ET AL. *v.* DISTRICT TITLE INSURANCE COMPANY

[No. 224, September Term, 1970.]

*Decided February 2, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*William F. Hickey* for appellants.

*Thomas Penfield Jackson,* with whom were *Jackson, Gray & Laskey* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This is an appeal from the action of the Circuit Court for Montgomery County (Shook, C. J.) in dismissing a damage suit under Maryland Rule 530. The pertinent sections of this rule provide:

> "a. *Dismissal of Action Pending Eighteen Months Without Proceedings.*
>
> Any pending action in which no proceedings of record other than proceedings under this Rule, have been taken within a period of eighteen months shall be subject to dismissal for lack of prosecution under the provisions of this Rule.
>
> b. *Notification of Contemplated Dismissal.* (omitted.)
>
> c. *Motion for Suspension of Dismissal Rule.*
>
> On motion filed at any time prior to thirty days after service of such notice, computed according to section c 3 of Rule 306 (Presumptions in Case of Service by Mail), *the court for good cause shown* may suspend the operation of this Rule upon such terms as the court may prescribe. (Emphasis added.)
>
> d. *Entry of Dismissal and Assessment of Costs.*
>
> Thirty days after service of such notice, computed according to section c 3 of Rule 306 (Presumptions in Case of Service by Mail), the clerk shall enter on the docket "Dismissed for want of prosecution without prejudice," unless prior to that time a motion shall have been filed under section c of this Rule, or unless the court shall previously have suspended the operation of this Rule. The clerk shall thereafter assess costs against the plaintiff.
>
> e. *Exceptions.* (omitted.)
>
> f. *Powers of Trial Courts.*
>
> Courts may by rule or order provide for a pe-

riod longer than, but not less than, eighteen months in all actions or in certain classes of actions other than those actions provided for in section e of this Rule." [1]

This action was filed on May 6, 1966 by the appellants, George and Audrey Stanford of Virginia, against Gus Basiliko, a Maryland resident, and the appellee District Title Insurance Company, a District of Columbia corporation, alleging they were the victims of fraud committed by these two defendants and their agents in connection with the settlement of a real estate transaction on July 27, 1962 in the State of Virginia. The title company promptly responded to the suit by filing its plea on June 16, 1966, including a special plea of limitations. This was followed by a year long bout of legalistic sparring, which ended when Basiliko failed to file a responsive pleading to the Stanfords' amended declaration. Judgment by default was entered against him on May 1, 1967. Rule 310 b. The case against the title company was then scheduled for trial on September 13, 1967. On September 11, the Stanfords belatedly asked for a continuance.

When Judge Shook denied this request they successfully circumvented the effect of her ruling by having the case marked "stet," with the appellee's approval, under Montgomery County Circuit Court Rule 12.[2] Had section

1. The Sixth Circuit which includes Montgomery County has not as yet adopted a rule providing for a longer period than the eighteen months referred to in § a.
2. "Local Rule 12. Stet and Dismissal
a. *Entry on Law Docket.*
In order to facilitate the early disposition of law actions, the Clerk shall enter on the law docket that the case is "Stetted" under this Rule if:
1. The case has been filed for more than eighteen months, or
2. The case has been at issue for more than one year. The effect of this entry shall be to suspend further proceedings in the case unless the entry of "Stet" be stricken as provided in this Rule or until the cause shall be dismissed as herein provided.
b. *Application for Order Extending Time.*
Before such entry is made, any party may apply to the Court for an order enlarging and extending the time for such action by the Clerk for such reasonable period as justice may require.
c. *Reinstatement of Case.*
Upon motion of any party made within one year of the entry

d of this local rule remained in effect the case would have been dismissed within one year. However, at the end of that year when the title company requested the entry of a judgment of non pros, the clerk of the court declined to honor its request, pointing out that Local Rule 12 d had been superseded on November 6, 1967 by Maryland Rule 530, which requires an eighteen month rather than a year interval for dismissal.

On May 20, 1969 after the litigation had been allowed to remain dormant for more than eighteen months, the title company pressed on and filed a motion to dismiss under Rule 530. At the Stanfords' request Judge Shook first suspended the operation of this dismissal rule but upon reconsideration she concluded they had been dilatory in prosecuting the case and dismissed it. This appeal follows.

The appellants do not question the validity of these dismissal rules, nor should they, as similar rules have withstood attack in our prior decisions. *Tydon v. Spong,* 237 Md. 107, 111, 205 A. 2d 220 (1964) ; *Petite v. Estate of Papachrist,* 219 Md. 173, 148 A. 2d 377 (1950) ; *Laurel Canning Co. v. B. & O. R. R.,* 115 Md. 638, 81 A. 126 (1911). They seek, rather, to insulate their long delayed case from the automatic operation of Rule 530. They will not succeed. Their first argument is based on the title company's acquiescence in having the case marked "Stet." The effect of this, they claim, was to place the case "under a legal sanction and protection for an agreed period of time" which should not have been considered in calculating the time period under Rule 530. This is essentially a waiver argument, which has been completely an-

of "Stet" and service of a copy thereof as provided in Maryland Rule 306, the Court may for good cause shown pass an order striking out the "Stet" and the case shall thereupon be reinstated for disposition by trial or otherwise.

    d. *Dismissal of Case for Lack of Prosecution.*

    If an application be not made within one year as provided for in the preceding paragraph to strike out the prior "Stet", in pursuance of this Rule, the action shall be dismissed for lack of prosecution and the Clerk shall enter a Judgment of Non Pros without further order of Court.

    e. *Dismissal of Cases on the Equity Docket."* (omitted)

swered by the decision of our predecessors in *Laurel Canning Co. v. B. & O. R. R., supra* at 643, where Chief Judge Boyd enunciated the effect of an almost identical rule:

> "A defendant might insist upon trial if he has the right to do so, and if instead of doing so he agrees that the case can be put on the *Stet Docket,* and there is such a rule as this, he has the right to assume that unless the case is brought up for trial in accordance with the rule it will be abated at the expiration of the time."

Of greater importance, however, is the fact that Rule 530 is self-executing, in the sense that it is actuated by inaction of the parties and the passage of time. Implicit in this rule is recognition that the court's business as well as the general public's interest in the proper administration of justice can best be served when litigation is not allowed to stagnate unless the court is satisfied the ends of justice so require. In *Mut. Benefit Soc'y v. Haywood,* 257 Md. 538, 539, 263 A. 2d 868 (1970) we recently reviewed the underlying reason for the adoption of this rule:

> "By creating a statewide dismissal rule (Maryland 530) we were confident that we could at least focus on the dead case, the case left unprosecuted for years at a time, whose mere presence in the mainstream of pending cases created such a paper logjam that our courts were unable to give due attention to cases that still exhibited the vital signs of life."

In Haywood we expressed regret that procedural irregularities made it necessary for us to reverse that dismissal; we have no regrets in affirming Judge Shook's order in this case. This Court is totally committed to the proposition that "justice delayed is justice denied." Rule 530 is the device by which the most intolerable delays, delays which have mounted up to five and six years and beyond in some sections of this country, and, indeed, in

this state, can be ultimately eliminated. Seizing upon eighteen months as the utmost reasonable time period in which a case can be permitted to remain catatonic, that rule permits the trial judge to allow a brief reprieve where it is affirmatively demonstrated that total inaction has been justified. The decision to permit the redemption of a cause lost through delay involves subtle judgment, requiring the trial judge to balance the individual litigant's right to ultimately have his day in court against the public's paramount interest in insuring that all citizens can obtain a prompt resolution of conflicts while they still remain current. The primary focus of his inquiry should be on diligence and whether there has been a sufficient amount of it during an eighteen month period of inaction for the court to affirmatively conclude that the case should not be automatically dismissed. That decision, whatever it may be, rests in the sound discretion of the trial judge and we will only invade his province on appeal in extreme cases of clear abuse. *Tydon v. Spong, supra* at 110.

The appellants have desperately urged clear abuse in an extreme case alleging the time period of the rule should have been tolled while Mrs. Stanford was ill and one of their witnesses was in prison. We answer first that nothing except the presence of proceedings of record will toll the operation of Rule 530; otherwise, its effect of speeding up litigation would be lost on happenstances that rarely interfere in other areas of human affairs. We answer secondly that even with these excuses, which are appealing on their face, the trial judge was fully justified in determining there was no evidence of diligence or of any valid reason for the delay in this case. The declaration alleges that the cause of action accrued in 1962, but suit was not brought until 1966. With the case at issue and scheduled for trial in 1967, these were not the reasons offered for postponement and the record is devoid of any other reasonable explanation for not proceeding. After that time the imprisoned witness could have been made available through a proper summons or his

testimony could have been secured through a deposition. As for the ailing appellant, there was no attempt to show that her deposition could not have been taken or that her testimony would have been any more than cumulative or, for that matter, that she was ill during the three full years when trial was still possible. See, *Butkus v. Mc-Clendon*, 259 Md. 170, 269 A. 2d 427 (1970) (where an almost identical claim was rejected). The trial judge did not abuse her discretion; we think the decision not to suspend dismissal was accurately withheld in this case.

*Order affirmed. Costs to be paid by the appellants.*