529 A.2d 352

**Edward Arthur POWELL, Sr. et al.**

v.

**Herbert A. GUTIERREZ et al.**

**No. 40, Sept. Term, 1986.**

Court of Appeals of Maryland.

Aug. 5, 1987.

Michael Marshall (Sidney Schlachman, Schlachman, Potler, Belsky & Weiner, P.A., and Steven A. Charles, on the brief), Baltimore, for appellants.

Paul M. Bowman, Chestertown, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, COUCH * and McAULIFFE, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), specially assigned.

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he has also participated in the decision and adoption of this opinion.

COLE, Judge.

We are asked today to decide what standard a trial judge should use when ruling on a motion to defer dismissal for lack of prosecution under Maryland Rule 2–507(e).

The relevant facts can be quickly recounted. On May 11, 1983, Edward Powell[1] filed a negligence action in the Circuit Court for Queen Anne's County against Herbert Gutierrez and Gutierrez's employer. On July 8, 1983, Gutierrez filed a counterclaim against Powell, and on March 8, 1984, Gutierrez served Powell with interrogatories. The docket record for the case then remained silent from March 8, 1984 to March 27, 1985. On the latter date, the parties were notified by the circuit court that the case would be dismissed unless a motion showing good cause to defer an entry of dismissal was filed.

Powell promptly filed a motion to defer dismissal and informed the court that he was in the process of answering Gutierrez's interrogatories and was ready to pursue his claim diligently. The circuit court denied Powell's motion, finding that he had "failed to show any cause for deferral of dismissal." Powell then filed an amended motion to defer dismissal. Powell's second motion informed the court that his inactivity had been caused by his involvement in an appeal of a Workmen's Compensation Commission decision relating to the injury suffered in the accident upon which the instant suit was being brought. In addition, the amended motion explained that Powell's first attorney had left the law firm; the attorney who had taken over his files had then disassociated himself from the firm; and the latest attorney in the firm to represent Powell had only recently assumed responsibility for the case. The amended complaint also reiterated that Powell was preparing answers to Gutierrez's interrogatories and was anxious to proceed with the case. The circuit court "read and considered" Powell's

---

1. Powell's wife and his insurer were also named as plaintiffs in the action and are appellants in this appeal. Hereafter we shall use "Powell" when referring to all appellants.

second motion and held that the motion failed to "set forth 'good cause' within the meaning of Rule 2–507(e) to warrant opening or amending the judgment of dismissal."

Powell appealed, and the Court of Special Appeals, in an unreported per curiam opinion, affirmed the circuit court ruling. *Powell v. Gutierrez*, No. 757, Sept. Term, 1985, filed Feb. 19, 1986. We granted Powell's petition for certiorari.

Before us, Powell argues that the good cause standard found in Maryland Rule 2–507(e) is too vague to provide guidance to practitioners or to afford effective appellate review. He urges us to adopt the standard enunciated by the Fourth Circuit[2] in its interpretation of Rule 41(b) of the Federal Rules of Civil Procedure. Gutierrez, on the other hand, implores us to apply the test we set forth in *Stanford v. District Title Insurance Co.*, 260 Md. 550, 273 A.2d 190 (1971). We shall do neither.

Present Rule 2–507 (the progeny of old Rule 530) provides in pertinent part as follows:

(c) For Lack of Prosecution.—An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry....

(d) Notification of Contemplated Dismissal.—When an action is subject to dismissal pursuant to this Rule, the

---

**2.** The Fourth Circuit has developed a test that requires the trial court to consider four factors before granting an involuntary dismissal: (1) the degree of personal responsibility of the plaintiff for the delay; (2) the amount of prejudice to the defendant caused by the delay; (3) the extent of intentional dilatory conduct that has occurred; and (4) the effectiveness of sanctions less severe than a dismissal with prejudice. *See, e.g., Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978); *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976); *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974). Other federal courts, however, have eschewed a standard with specific factors and instead held that involuntary dismissal is only appropriate where there is deliberate or unreasonable delay by the plaintiff or prejudice to the defendant. *See Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746 (3d Cir.1982); *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982); *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980); *Davis v. Williams, supra; Navarro v. Chief of Police*, 523 F.2d 214 (8th Cir.1975).

clerk shall serve a notice on all parties ... that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under Section (e) of this Rule.

(e) *Deferral of Dismissal.*—On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

(f) *Entry of Dismissal.*—If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket "Dismissed for lack of jurisdiction or prosecution without prejudice" 30 days after service of the notice. Federal Rule 41(b) states in pertinent part:

(b) *Involuntary Dismissal.* Effect thereof. For failure of the plaintiff to prosecute ..., a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

As we see it, while the Federal Rule and the Maryland Rule are targeted at solving the same problem—removing dead cases from the overcrowded dockets of busy trial courts—there are three important differences between the rules. First, the Maryland Rule specifically provides the standard to be used by a judge in deciding whether to defer the dismissal of a case. The rule provides that a court may defer dismissal "for good cause shown." The Federal Rule, on the other hand, is silent as to what standard a judge should use when determining whether to grant a motion to dismiss.

Second, the Maryland Rule specifically sets forth the time period that activates a notice of contemplated dismissal for lack of prosecution. That period is "one year from the last docket entry." Again, the Federal Rule is silent, and a case may be dismissed after any period of time.

Third, under the Maryland Rule, a case is dismissed without prejudice. A dismissal under the Federal Rule,

however, is with prejudice and thus acts as an adjudication on the merits. Consequently, the plaintiff is forever barred from bringing his suit again. These three differences prompt us to reject the federal courts' interpretations of the Federal Rule as a solution to the Maryland problem.

Gutierrez would have us literally apply the lack of diligence standard enunciated in *Stanford* and approved in cases that have followed. *See, e.g., Langrall, Muir & Noppinger v. Gladding,* 282 Md. 397, 384 A.2d 737 (1978); *Cooney v. Board of County Comm'rs,* 21 Md.App. 57, 318 A.2d 231 (1974). In *Stanford,* we were called upon to determine if an action should be dismissed under old Maryland Rule 530. We stated that when a trial judge determines whether to defer dismissal, "the primary focus of his inquiry should be on [the plaintiff's] *diligence* and whether there has been a sufficient amount of it during ... [the] period of inaction for the court to affirmatively conclude that the case should not be automatically dismissed." *Id.* [260 Md.] at 555, 273 A.2d at 192–93 (emphasis added). The effect of applying Rule 2–507 under this diligence standard is to dismiss a case because of inordinate delays irrespective of the case's vitality. As we see it, this defeats the Rule's basic purpose of removing dead cases from the docket. Therefore, despite any indications in *Stanford* and its progeny to the contrary, docket inactivity in a case for twelve months is not an absolute indicium of a loss of litigious vitality.

Rule 2–507 should be applied to further its underlying purpose, which we set out in *Mutual Benefit Soc'y v. Haywood,* 257 Md. 538, 539, 263 A.2d 868, 869 (1970):

> By creating a statewide dismissal rule (Maryland 530) we were confident that we could at least focus on the dead case, the case left unprosecuted for years at a time, whose mere presence in the mainstream of pending cases created such a paper logjam that our courts were unable to give due attention to cases that still exhibited the vital signs of life.

Neither Rule 530 nor Rule 2–507 was promulgated to penalize plaintiffs for having lax attorneys. Their primary focus was on pruning the docket of dead cases. A dead case is one in which neither party demonstrates an interest in having the issue resolved. This circumstance occurs for varying reasons, *i.e.*, the parties may leave the jurisdiction, they may settle their dispute, or other circumstances may make the issue no longer viable. In any event, parties often neglect to dismiss their suits when their reasons for further prosecution have dissipated. These are the kind of cases that Rule 2–507 was devised to eliminate under a simple procedure.

Under subsection (a) of the Rule, the passage of twelve months of inaction on a case's docket record provides a signal to the court clerk that a case may be deadwood and ready for dismissal. At this point, subsection (d) of the Rule requires the court clerk to notify all of the parties that the action will be dismissed unless a motion showing good cause to defer dismissal is filed. If no motion is filed, the case should be automatically dismissed and removed from the active docket. If a motion to defer dismissal is filed, the court must determine if "good cause" to defer dismissal has been shown.

■ To show "good cause," the party filing the motion to defer dismissal must demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification. If the party makes this showing, the court should regard the case as viable and defer dismissal. This deferral, however, should be subject to a schedule for prosecution and should be made on such terms as the court determines are appropriate under the circumstances.

■ Thus, it is clear that the fact of a lack of prosecution for one year would not amount to automatic dismissal. However, if the defendant has suffered serious prejudice because of the delay, so as to impede substantially his ability to defend the suit, the trial court must balance the

plaintiff's right to maintain his suit against the prejudice to the defendant. This matter we leave to the sound discretion of the trial court.

Lest it be forgotten, the defendant as well as the plaintiff has a responsibility to promote the orderly resolution of litigation. This Court will not countenance defendants who sit back and allow the prescribed period under the Rule to pass in the hope that the court will dismiss the case irrespective of the vitality of the litigation. The defendant must prod the plaintiff to answer interrogatories, respond to motions, etc. Litigation is not a game. The courts presume that the parties have instituted litigation based on serious and meaningful issues. Both sides have a responsibility to push for a prompt and satisfactory resolution of those issues. Consequently, in those circumstances where the defendant has averred that he has suffered prejudice because of the plaintiff's one year delay, the trial court must include as a consideration in its weighing process the efforts made by the defendant to secure a resolution of the case.

■ We turn now to determine if the case should have been dismissed. After Gutierrez filed his interrogatories on March 8, 1984, twelve months passed without an entry on the docket record. The court clerk then dutifully notified the parties that involuntary dismissal would occur in thirty days unless an appropriate motion to defer dismissal was filed. Roused by this notice, Powell promptly filed a motion to defer dismissal and averred that he was in the process of answering the interrogatories and was ready and eager to prosecute his action. Powell explained in his second motion to defer dismissal that his case had bounced from one attorney to a second attorney and finally to a third attorney in the same firm since the suit was filed. It is clear that Powell demonstrated the desire to continue his case, and his action therefore is not deadwood. Gutierrez has alleged no prejudice, and thus we need not engage in a balancing exercise.

In reaching our decision, we realize that judges and administrators are appropriately concerned with case flow and efficiency. Nevertheless, our concern with expeditious case management should not blind us to the true goal of our system, which is to provide a fair determination of legitimate issues brought before us. We therefore find that the trial judge abused his discretion in dismissing the case.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY AND CASE REMANDED TO THE CIRCUIT COURT TO REINSTATE THE CASE ON THAT COURT'S DOCKET FOR FURTHER PROCEEDINGS. APPELLEE TO PAY THE COSTS.