491 A.2d 603
**Robert M. STEIN, et al.**

**v.**

**MARYLAND STATE POLICE.**

**No. 920, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 8, 1985.

Allen Windsor, Baltimore (David S. Harris, Baltimore, on brief), for appellants.

Millicent Edwards Gordon, Asst. Atty. Gen., Pikesville (Stephen H. Sachs, Atty. Gen., Baltimore, and James J. Doyle, III, Asst. Atty. Gen., Pikesville, on brief), for appellee.

Argued before WEANT, GARRITY and GETTY, JJ.

WEANT, Judge.

The appellants in this case are Maryland State Police Troopers Robert M. Stein and Bobby J. Caudill. In late 1981, Stein and Caudill received written reprimands from the appellee Maryland State Police following disciplinary proceedings before the State Police Hearing Board. The appellants, feeling aggrieved by their penalties, appealed to the Circuit Court for Anne Arundel County. On 5 June 1984 the circuit court dismissed the administrative appeal pursuant to former Md. Rule 530 [1] for failure to prosecute. Stein and Caudill then noted an appeal to this Court, presenting these questions for review:

I. Whether the trial court erred in dismissing the administrative appeal under Rule 530 of the former Maryland Rules of Procedures [sic].

II. Whether the trial court erred in denying the Motion for Reconsideration and Modification under Rule 625(a) of the former Maryland Rules of Procedure. We shall address only the first issue raised by the appellants as it presents sufficient grounds for reversal.

The proceedings in the circuit court may be summarized as follows. On 8 December 1981 Stein and Caudill filed a Petition and an Order of Appeal from the State Police Hearing Board proceedings. On 29 December 1981, the appellee responded with an "Answer to Petition of Appeal," and shortly thereafter filed the administrative record of the disciplinary proceedings, with a certificate that a copy of the record had been mailed to appellants' counsel. No further entries appear until 2 March 1983, when the circuit court clerk issued a "Notification to Parties of Contemplated Dismissal," pursuant to Md. Rule 530(d) (2–507(d)). On 18 March 1983, Stein and Caudill filed a motion to suspend the dismissal rule. Md. Rule 530(e) (2–507(e)). The

---

1. Currently Md. Rule 2–507. The citations in this opinion are to the former procedural rules in effect at the time of the circuit court proceedings, except where otherwise indicated. The corresponding citations to the current rules are indicated parenthetically.

circuit court judge granted the motion in an order which states:

UPON THE FOREGOING Motion for suspension of the operation of Maryland Rule 530, it is this 5th day of April, 1983, by the Circuit Court for Anne Arundel County,

ORDERED, that the operation of said Rule be and the same is hereby suspended for a period of ninety (90) days.

On 1 July 1983, just a few days before the 90-day period provided in the order was to expire, the appellants filed a "Memorandum of Facts and Law." Some time thereafter the appellants requested the circuit court assignment office to schedule a hearing date for arguments on the merits. The case was heard on 4 June 1984. On 5 June 1984 the judge dismissed the appeal, because, as he stated in a memorandum opinion, "this case was not heard and decided within 90 days of April 5, 1983 ... the dismissal was self-executing due to the inaction of the parties and the passage of time as held in ... *Stanford [v. District Title Insurance Co.*, 260 Md. 550, 273 A.2d 190 (1971) ]."

The decision whether a case ought to be dismissed pursuant to Rule 530 for lack of prosecution generally rests in the sound discretion of the trial judge. *Stanford, supra.* Similarly, the decision to suspend the operation of the rule upon proper application will be set aside on appeal only in " 'extreme cases of clear abuse.' " *Langrall, Muir & Noppinger v. Gladding,* 282 Md. 397, 400, 384 A.2d 737, 739 (1978) (quoting *Stanford,* 260 Md. at 555, 273 A.2d at 193). Unquestionably, the trial judge properly exercised his power to grant the 90-day suspension of the dismissal period.

The difficulty lies in the reasons articulated by the trial judge for dismissing the case after the 90-day suspension had expired. The order granting suspension did not state the terms of the suspension other than its period, despite the directive of Md. Rule 530(e) (2–507(e)). Thus, looking at the suspension order in isolation, it is not entirely clear what actions the appellants could take within the

mandated time in order to rescue the case. In our view, absent contrary terms expressed in a suspension order, the suspension period will be tolled and the case returned to an active status by the same actions that toll the general one-year period provided in Rule 530(c) (2–507(c)). Thus, any docket entries of the type specified in Rule 530(c) made during the suspension period will prevent dismissal for failure to prosecute. Of course, a trial court may, in its discretion, impose any additional terms in a suspension order and dismiss the case if those conditions are not satisfied.

In this case, the trial judge dismissed the case because it "was not heard and decided" within the suspension period provided in the order of 5 April 1983. In support of this decision the court cited *Driver v. Parke-Davis & Co.*, 29 Md.App. 354, 348 A.2d 38 (1975), *cert. denied*, 277 Md. 736 (1976), where this Court said: " 'nothing except the presence of proceedings of record will toll the operation of [former] Rule 530' ". 29 Md.App. at 360, 348 A.2d at 41 (quoting *Stanford*, 260 Md. at 555, 273 A.2d at 193). The quoted passage was based on language in Rule 530 which was amended before this case was filed in the circuit court. Prior to 1 January 1981, Rule 530 expressly provided that the dismissal period was tolled by *"proceedings of record."* Thereafter, this language was deleted and any *"docket entry,"* other than the types excepted in subsection (c), became the tolling event. Thus, "proceedings of record" are no longer determinative under the rule.

■ The trial court mistakenly relied upon cases interpreting this materially different version of the rule, and improperly concluded therefrom that dismissal was required because the case was not "heard or decided" within the suspension period. In the absence of any additional condition expressed in the suspension order, we conclude that a "docket entry" is the proper criterion under the applicable rule, which was satisfied when the appellants filed their pleading within the suspension period. Accordingly, we

reverse the dismissal and remand for a decision on the merits in the administrative appeal.

*JUDGMENTS REVERSED.*

*CASE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.*

*COSTS TO BE PAID BY APPELLEE.*