# HARRY E. COONEY *v.* BOARD OF COUNTY COMMISSIONERS OF CARROLL COUNTY ET AL.

[No. 641, September Term, 1973.]

*Decided April 22, 1974.*

The cause was argued before THOMPSON, GILBERT and DAVIDSON, JJ.

*Elizabeth M. Eckhardt* for appellant.

*Stanford Hoff,* with whom was *L. Awalt Weller* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Harry E. Cooney, appellant, appeals from a decree entered

by Judge Edward O. Weant, Jr., presiding in Equity, in the Circuit Court for Carroll County. The question presented is: Did the trial court err in dismissing the case before trial?

The record details that on October 14, 1971, the appellant filed a Bill of Complaint for Declaratory Judgment; all answers were filed by November 15, 1971. A twenty (20) month hiatus ensued, during which the case languished bereft of docketed activity. Finally, on July 23, 1973, pursuant to Md. Rule 530 b, the Clerk of the Court filed a Notification of Contemplated Dismissal of the case. Appellant filed a timely Motion for Suspension of Dismissal on August 21, 1973. Six (6) days later the appellees answered the motion. Without a hearing, on September 6, 1973, Judge Weant issued an opinion and decree dismissing the complaint under Md. Rule 530 d.

Md. Rule 530 prescribes that a pending action in which proceedings of record have not taken place within an eighteen month period shall be dismissed, unless, for good cause shown, the court suspends the operation of the rule.[1]

1. "Rule 530. *Dismissal for Lack of Prosecution* . . .

"a. *Dismissal of Action Pending Eighteen Months Without Proceedings.*

Any pending action in which no proceedings of record other than proceedings under this Rule, have been taken within a period of eighteen months shall be subject to dismissal for lack of prosecution under the provisions of this Rule.

"b. *Notification of Contemplated Dismissal.*

In all such actions the clerk shall notify counsel of record that an order of dismissal for lack of prosecution will be entered after the expiration of thirty (30) days unless prior to the expiration thereof a motion is filed under section c of this Rule. In the event counsel has died or his appearance has been stricken pursuant to Rule 125 (Attorney — Striking Appearance), and the party represented is not represented by another attorney of record, the clerk shall send the notification required by this section to such party at the address shown on the pleadings. The notification shall be served in the manner provided by Rule 306 (Service of Pleadings and Other Papers).

"c. *Motion for Suspension of Dismissal Rule.*

On motion filed at any time prior to thirty days after service of such notice, computed according to section c 3 of Rule 306 (Presumptions in Case of Service by Mail), the court for good cause shown may suspend the operation of this Rule upon such terms as the court may prescribe.

"d. *Entry of Dismissal and Assessment of Costs.*

Thirty days after service of such notice, computed according to section c 3 of Rule 306 (Presumptions in Case of Service by Mail), the clerk shall enter on the docket 'Dismissed for want of prosecution without prejudice,' unless

The Court of Appeals interpreted the Rule to be "... self-executing, in the sense that it is actuated by inaction of the parties and the passage of time." *Stanford v. District Title Insurance Co.*, 260 Md. 550, 554, 273 A. 2d 190 (1971). To halt the inexorable dismissal of his complaint, appellant interposes a copy of a letter which he contends was sent by First Class Mail, on December 18, 1972, thirteen months after the case was at issue, to the Clerk of the Court requesting that the cause be set for hearing.

The opinion of the lower court explicates that this letter did not constitute good cause, which subsection c requires to sustain a suspension of this self-executing rule of dismissal:

> "It is and has been for many years the practice of this Court to set Equity matters for trial at the request of either party. This is done forthwith upon a receipt of such request. There is no record either in the case itself or in the assignment clerk's files of any request for assignment. It is the responsibility of the party or parties, as the case may be, to have the matter set for a hearing when so desired. No such effort was received by the Court and consequently the matter has laid dormant for the eighteen months prescribed under Rule 530.
>
> "We note that this whole matter has been replete with procrastination; the alleged cause of action arose in 1964 but suit was not filed until October of 1971; even though the case has been at issue since November of 1971, no effort has been made by the Complainant to have the matter disposed of. It is

prior to that time a motion shall have been filed under section c of this Rule, or unless the court shall previously have suspended the operation of this Rule. The clerk shall thereafter assess costs against the plaintiff.

"e. *Exceptions.*

This Rule shall not apply to actions involving the military docket, continuing trusts, guardianships, estates of incompetents, or issues from an Orphans' Court. An action for divorce *a mensa et thoro* shall be subject to dismissal under this Rule only if no proceedings have been taken within a period of two and one-half years.

"f. *Powers of Trial Courts.*

Courts may by rule or order provide for a period longer than, but not less than, eighteen months in all actions or in certain classes of actions other than those actions provided for in section e of this Rule."

just this type of stagnation that Rule 530 was promulgated to avoid. It is the Complainant's duty to keep himself informed of the status of his litigation. If he did, in fact, request the matter to be set for a hearing on December 18, 1972, and such action was not taken in due course, it was his responsibility to again request that the proceedings be heard. We do not feel that he has shown the 'good cause' required by Rule 530, § c."

The trial judge is required to focus on whether, during the eighteen (18) month period, there has been diligence in an amount sufficient to redeem for good cause shown a suit lost through delay. Md. Rule 530 c. The decision rests in the sound discretion of the trial judge and will not be set aside on appeal, absent clear abuse. *Stanford v. District Title Insurance Co., supra* at 555. There was no abuse of discretion in the instant case.

We are cognizant that Md. Rule 306 c 3, applied to the instant facts, affords to appellant a presumption that his letter, if mailed, was received on the next day. The presumption, not being conclusive, was overcome by evidence that the letter was not filed in these proceedings in the Circuit Court for Carroll County nor was the case set for hearing by the assignment office of that court. Hence, the instant question of good cause turns not on the time of service but on whether the appellant pursued with diligence his cause. *Vigilantibus et non dormientibus jura subveniunt. Requiescat in pace.*[2]

Appellant also argues that Local Rule 10 allows two years before a dismissal as permitted by Md. Rule 530 f. The local rule is not in the record and this Court does not ordinarily take judicial notice of the rules of lower courts. It is presumed the proceedings in the lower court were in accordance with its own rules. *Eisenberg v. Air Conditioning, Inc.*, 225 Md. 324, 333, 170 A. 2d 743 (1961).

> *Decree affirmed.*
> *Appellant to pay costs.*

---

2. The laws aid those who are vigilant, not those who sleep upon their rights. May it rest in peace.