513 A.2d 921

**Michael A. BROWN**

v.

**William G. TATE, II.**

**No. 225, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Sept. 4, 1986.

T. Bruce Hanley, Towson, for appellant.

T. Joseph Touhey, Glen Burnie, for appellee.

Argued before GILBERT, C.J., and BISHOP and KARWACKI, JJ.

GILBERT, Chief Judge.

When a case lies dormant for more than two years, does a motion to dismiss for lack of prosecution, and ruling thereon, preclude dismissal for violation of Md. Rule 2–507 (c)?

In other words, if the clerk of court fails timely to do what should have been done, and defense counsel moves to dismiss for lack of prosecution, is that motion and ruling thereon a docket entry within the contemplation of Md. Rule 2–507 (c)?

Before discussing the issue, we shall briefly recount the facts from which the matter arose.

Michael A. Brown, individually and to the use of the United States of America, sued William Glen Tate, II, in the Circuit Court for Anne Arundel County. Brown alleged that he was injured in September, 1979, through the negligence of Tate. At that time Brown was a midshipman at the United States Naval Academy. The medical services he received were furnished by the government of the United States.

After some preliminary sparring, the case lay undisturbed from January 18, 1983, until counsel for Tate, on March 11, 1985, moved to dismiss for lack of prosecution. Tate's attorney grounded his motion on Md. Rule 2–507 (c), which provides:

"An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131,[1] or Rule 2–132,[2] except that an action for divorce a mensa et thoro or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry."

Brown's lawyer responded that the rule contemplates dismissal by the clerk and not by the court on motion by defendant's counsel. To bolster his position, Brown's counsel relied upon § (d) of Rule 2–507. It provides:

---

**1.** Md. Rule 2–131 is concerned with the appearance by counsel or *pro se.*

**2.** Md. Rule 2–132 governs the striking of an attorney's appearance.

"When an action is subject to dismissal pursuant to this Rule, the clerk shall serve a notice on all parties pursuant to Rule 1–321 [3] that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule."

The circuit court (Williams, J.) agreed and on March 27, 1985, denied the motion to dismiss. On August 19, 1985, the clerk of the court mailed a notice of contemplated dismissal. The notice stated, in pertinent part:

"Pursuant to Maryland Rule 2–507 this proceeding will be 'DISMISSED FOR LACK OF JURISDICTION OR PROSECUTION WITHOUT PREJUDICE,' 30 days after service of this notice, unless prior to that time a *written* motion showing good cause to defer the entry of an order of dismissal is filed."

Brown, through his attorney, filed a "MOTION FOR DEFERRAL OF DISMISSAL." He asserted that "docket entries have occurred in the ... action within one (1) year of the Clerk['s] ... filing of the "Notification ... of Contemplated Dismissal." Brown's basis for his contention was that when Tate moved pursuant to Rule 2–507 to dismiss for lack of prosecution, that motion was entered on the docket on March 11, 1985, as was the court's disposition of that matter. Therefore, Brown concluded, inasmuch as March, 1985, is well within one year of August 19, 1985, the date of the clerk's notice, Rule 2–507 (c) is not applicable. Judge Morris Turk disagreed with Brown and denied the motion to defer dismissal. This appeal ensued.

While Brown's argument has a certain superficial validity, closer scrutiny reveals the contention for what it is—a camouflage, hastily painted, to avoid the sanction of dismissal.

---

3. Md. Rule 1–231 deals with service of pleadings and paper writings other than original pleadings.

The motion by Tate's counsel to dismiss for lack of prosecution would not have been filed had the clerk of the court done what he is supposed to do when a case is dormant for more than one year. Patently, in the instant case the notice of contemplation of dismissal should have been dispatched within a reasonable time after January, 1984.

Although the rule does not expressly mandate that the clerk shall send the notice of contemplated dismissal immediately upon the passage of one year from the date of the last docket entry, the Court of Appeals hardly expected clerks to send the notice two years and eight months after the last entry on the docket. Had the court believed a two year period was reasonable, it would have so stated. The obvious aim of the rule is to rid dockets of stale, untried cases and to free the already overburdened courts of unnecessary work. Failure by the clerk to pay heed to Rule 2–507 (c) frustrates the clear intent of the rule and serves only to clog already congested dockets.

Rule 2–507 (c) specifically excepts from the expression "last docket entry" those entries made pursuant to the rule itself. We think that exemption sufficiently broad to embrace counsel's motion to dismiss for lack of prosecution for violation of the rule and the court's ruling on that motion.[4] Therefore, Judge Turk did not err in refusing to grant Brown's motion to defer dismissal.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

4. We·express no opinion as to the correctness of Judge Williams's ruling on Tate's motion to dismiss inasmuch as that issue is not before us. Md. Rule 1085.