637 A.2d 863

**John Frederick THOMAS**

v.

**William M. RAMSBURG.**

**No. 756, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Feb. 28, 1994.

Michael J. Miller (Miller & Associates, on the brief), Alexandria, for appellant.

Robert Graham Fiore, Annapolis, for appellee.

Argued before ALPERT, BLOOM and CATHELL, JJ.

CATHELL, Judge.

Appellant, John Frederick Thomas, appeals the dismissal of his complaint by the Circuit Court for Montgomery County and that court's denial of his motion for reconsideration. On April 10, 1987, appellant sued appellee, William M. Ramsburg, for injuries sustained in an automobile accident. Appellee answered the complaint and filed several subsequent requests for discovery; some were complied with and some were not. The circuit court issued several orders compelling discovery. It initially denied appellee's motion to dismiss for failure to comply with discovery.

On November 7, 1989, appellant filed supplemental answers to appellee's interrogatories. This was the last paper filed by appellant before the case was dismissed. Appellee subsequently deposed appellant and noted several other depositions, none of which apparently took place.

On February 23, 1993, appellee filed a motion to dismiss for lack of prosecution pursuant to Maryland Rule 2–507(c), alleging that appellant had made no attempt to prosecute his case, that there had been no docket entries for more than one year, and that the inaction was without justification or excuse. In fact, appellant had filed no papers for over three years and appellee had filed no papers for almost two years.

Appellee certified in his motion to dismiss that it was mailed to appellant's attorney, Michael J. Miller (Miller), on February 19, 1993, at his address of record in this case. The service was returned by the post office as undeliverable. Appellee's attorney, Robert G. Fiore (Fiore), as a courtesy to Miller, attempted to ascertain his correct address and remailed the motion on March 9, 1993. Miller admits receiving service on March 11, 1993. The service Miller received on March 11 indicated that it had originally been mailed on February 19, 1993. Miller states that he then contacted Fiore and asked that Fiore request that the court allow Miller fifteen days from March 11 to respond.

The circuit court dismissed this case on March 17, 1993. Appellant filed a motion to reconsider on March 25 and requested a hearing on the motion; the motion was denied on April 13 without a hearing. This appeal followed. Appellant presents two questions, which we rephrase:

1. Was appellant properly served with notice of appellee's Motion to Dismiss pursuant to Maryland Rule 2–507 and given the proper time to respond?

2. Did the trial court abuse its discretion in denying appellant's Motion to Reconsider without a hearing?

We shall vacate the judgment of dismissal and remand as the court made an error of law in granting the motion. Because of our disposition, we shall not address question two. We explain, but initially note that there is no dispute as to the basis for dismissal under Rule 2–507, only to the procedure in initiating the process.

Rule 2–507 reads, in pertinent part:

**(c) For Lack of Prosecution.**—An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131, or Rule 2–132, except that an action for limited divorce or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

**(d) Notification of Contemplated Dismissal.**—When an action is subject to dismissal pursuant to this Rule, the clerk, upon written request of a party or upon the clerk's own initiative, shall serve a notice on all parties pursuant to Rule 1–321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule.

**(e) Deferral of Dismissal.**—On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

**(f) Entry of Dismissal.**—If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket "Dismissed for lack of jurisdiction or prosecution without prejudice" 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial.

The plain language of Rule 2–507 does not directly anticipate parties to an action filing motions to dismiss for lack of prosecution; only that the clerk of the court should initiate such dismissal proceedings. If a party desires to have the provisions of the rule activated, the only procedure created by the Rule is for that party to make a written request of the clerk to initiate the dismissal provisions. To the extent that we have interpreted our decision in *Byrne v. Amalgamated Transit Workers' Union*, 73 Md.App. 551, 560, 535 A.2d 503, *cert. denied*, 312 Md. 601, 541 A.2d 964 (1988), to permit the initial filing of a 2–507 motion for dismissal directly with the court as opposed to a request directed to the clerk, we hereby overrule and reject that interpretation. We said in *Byrne* in respect to a party's motion to dismiss an action pursuant to the Rule: "Subsection (c) is certainly broad enough to encompass, and by its terms does not preclude the possibility of, motions filed by a party. Such motions are not inconsistent with the purpose of the rule and do not prejudice the rights of a plaintiff." *Id.*, 73 Md.App. at 560, 535 A.2d 503. We added that, unlike notices initiated by the clerk, a motion filed by a party does not automatically cause a dismissal by the clerk if

no motion to defer dismissal is filed; rather, the court must rule on the motion to dismiss. *Id.* at 561, 535 A.2d 503. In retrospect, we do not believe that the language of the Rule contemplates motions filed by parties directly with the court. Rule 2–507 requires that a party send an initial request to the clerk. Should the clerk fail to act upon such a request, a motion to the court requesting it to order the clerk to send the notice would appear to be appropriate. Even in *Byrne,* as it has been interpreted permitting direct motion practice, we noted a different burden of proof when parties directly move under Rule 2–507. Quoting *Powell, infra,* we said:

> [W]here ... the court chooses to consider the motion to dismiss [of a defendant], the burden of providing evidence to support dismissal is on the moving party. In that situation, while the standard applicable to a ruling on the motion could be no more lenient, it most probably would be more stringent, ordinarily requiring an allegation and proof of prejudice. *See Powell,* 310 Md. at 308, 529 A.2d 352.

*Byrne,* 73 Md.App. at 560, 535 A.2d 503. In other words, the movant was required to plead and prove prejudice. Merely alleging no docket entries for more than one year was insufficient.

■ Appellee failed to allege or prove prejudice resulting from appellant's delay in prosecuting the case. Thus, even if we were construing *Byrne* as applicable, we would nevertheless hold that the court erred in granting appellee's motion.

This case highlights two problems with parties filing 2–507 motions: (1) the proper time for response to such motions and (2) whether, when such a motion is filed by a party, the clerk is still required to send a notice of contemplated dismissal.

### Time for Response

Maryland Rule 2–311(b) sets forth the time for response to motions in general, and states in pertinent part:

> **(b) Response.**—Except as otherwise provided in this section, a party against whom a motion is directed shall file a response within 15 days after being served with the motion,

or within the time allowed for a party's original pleading pursuant to Rule 2–321(a), whichever is later.... If a party fails to file a response required by this section, the court may proceed to rule on the motion.

This rule was apparently relied on in the instant case. Appellee's Rule 2–507 motion was mailed to appellant on February 19, 1993. Allowing three days for mailing, Maryland Rule 1–203(d), and fifteen days to respond, a response was due by March 9, 1993. No response was filed and, pursuant to the Rule, the court proceeded to rule on the motion.

In contrast, Rule 2–507, which does not explicitly provide for the filing of an initial direct motion by parties, but contemplates instead a request to the clerk, clearly requires the clerk to allow thirty days for a response. Subsection (d) mandates that the clerk serve a notice of contemplated dismissal on all parties and wait thirty days after service before dismissing the action. Rule 2–507(e) allows the court to defer dismissal "[o]n motion filed at any time before 30 days after service of the notice [required by Rule 2–507(d) ] ... for good cause shown ... for the period and on the terms it deems proper." Further, when the clerk initiates dismissal and sends notice, if a motion to defer dismissal has not been filed within thirty days, the clerk can enter the dismissal on the docket. Rule 2–507(f) reads:

> If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket "Dismissed for lack of jurisdiction or prosecution without prejudice" 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial.

The Rule makes no provision for the court's ruling on a 2–507 motion filed directly by a party and therefore offers no real guidance as to which is the proper time period for response. Rule 2–507 specifically states, and emphasizes, that the clerk must wait thirty days for a response before acting to dismiss the case, rather than 15 days under the rules governing normal motion practice. Rule 2–507 motions filed by parties should be considered requests to the clerk to

initiate the process, which would then require the clerk to allow thirty days for responses as contemplated by Rule 2–507. It is both logical and a well known canon of statutory construction that one looks to the specific rather than the general. Parties responding to motions filed under Rule 2–507 would naturally look to that Rule, rather than Rule 2–311, for guidance on how and when to respond. It is, in fact, necessary that one look to Rule 2–507 to ascertain the proper form for a response and the standard by which a response is judged.

### Notice by Clerk

Appellant argued below, and raises on appeal, the fact that the clerk's office in the Circuit Court for Montgomery County did not send out the notice required by Maryland Rule 2–507(d) before entering an order dismissing the case for lack of prosecution. Rule 2–507(d) states that the clerk "shall serve a notice on all parties pursuant to Rule 1–321 that an order of dismissal for lack of jurisdiction or prosecution will be entered...." Neither the docket entries nor the court's file indicate that the notice required by Rule 2–507(d) was sent by the clerk to appellant's attorney's address of record in this case. Appellee does not allege that the clerk sent the notice. In fact, he stated in his response to appellant's motion for reconsideration that "Rule 2–507 does not require the Clerk to send a notice of contemplated dismissal, nor require the defendant to request one, when the rule is being evoked [sic] by a party through a motion's [sic] practice." Appellee offers no authority for this proposition.

In *Brantley v. Fallston Gen. Hosp., Inc.*, 333 Md. 507, 636 A.2d 444 (1994), the Court of Appeals briefly addressed, but did not decide, the issue. In *Brantley*, an action was dormant for over one year. The defendant filed an initial direct motion to dismiss with the court for lack of prosecution under Rule 2–507. *Id.* at 509, 636 A.2d at 445. The motion was granted by the court without a hearing. Plaintiffs appealed to the Court of Special Appeals, and we issued a per curium opinion. The

Court of Appeals granted certiorari and ultimately ordered our judgment vacated and the appeal dismissed on unrelated grounds. In its decision, after noting our opinion, it stated: "The [Court of Special Appeals] determined that Rule 2–507 permits a motion to dismiss to be filed by a party, and in that instance does not require the clerk of the court to issue the notice of contemplated dismissal." *Id.*, at 510, 636 A.2d 445. This sentence was followed by a footnote, which stated:

In so holding, the Court of Special Appeal adhered to the view it had taken earlier in Byrne v. Amalgamated Transit Union, 73 Md.App. 551, 535 A.2d 503, *cert. denied*, 312 Md. 601 [312 Md. 601] (1988). Because this appeal must be dismissed, we express no opinion as to the validity of that holding.

*Id.* at n. 3.

The Court of Appeals's footnote cryptically indicates that it may not agree with the interpretation of *Byrne* in our unreported *Brantley* decision. In *Byrne*, 73 Md.App. 551, 535 A.2d 503, Byrne's initial complaint was dismissed without leave to amend. On appeal to this Court, the demurrer was sustained, but the denial of leave to amend was reversed. *Id.* at 554, 535 A.2d 503. Certiorari was then denied by both the Court of Appeals and the United States Supreme Court. There was no docket activity for several years after the Supreme Court denied certiorari. *Id.* Amalgamated eventually filed a motion to dismiss for lack of prosecution pursuant to Rule 2–507(c). Byrne responded, alleging that he was waiting for the clerk to send a notice of trial date before amending his complaint. *Id.* at 554–55, 535 A.2d 503. The trial judge at the 2–507 hearing primarily based his decision on his finding that the failure of the clerk of the court to assign a trial date was not an excuse for the two year delay. *Id.* at 556, 535 A.2d 503. The matter of an initial direct motion to the court was not the primary issue.

The issue of whether the clerk has an obligation to send a notice of contemplated dismissal even if a party files the 2–507 motion was not squarely addressed in *Byrne*. This Court's

statement: "Rather than the clerk sending a notice of impending dismissal to the parties, appellee moved pursuant to Rule 2–507(c) to dismiss appellant's action for lack of prosecution," *id.* at 559, 535 A.2d 503, is the only real indication in *Byrne* that the clerk may not have sent notice to the parties. *Byrne* did not address the inherent conflict between the provisions of Rule 2–507 requiring the clerk to send notice, and its holding that it was not inconsistent with Rule 2–507(d) for parties to file 2–507 motions.

Maryland Rule 1–201(a) states:

When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

Rule 2–507(d) reads, in part, "the clerk, *upon written request of a party* or upon the clerk's own initiative, *shall* serve a notice on all parties. . . ." (Emphasis added.) Even if either the clerk or a party may initiate dismissal under 2–507(c), (as *Byrne* has been interpreted to hold) paragraph (d) makes no distinctions when requiring that the *clerk* send the proper notice. *Cf. Byrne,* 73 Md.App. at 560–61, 535 A.2d 503 (notice by clerk essential); *Ewachiw v. Director of Finance,* 70 Md.App. 58, 73, 519 A.2d 1327 (1987) (notice by clerk required by paragraph (d)); *Alban Tractor Co. v. Williford,* 61 Md.App. 71, 77, 484 A.2d 1039 (1984), *cert. denied,* 302 Md. 680, 490 A.2d 718 (1985) (dismissal for failure to prosecute without notice is "irregularity" for purpose of motion to revise); *Billingsley v. Lawson,* 43 Md.App. 713, 720, 406 A.2d 946, *cert. denied,* 286 Md. 743 (1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980) (default judgment without notice is "irregularity" for purpose of motion to revise).

There is also a conflict between the use of the Rule as an offensive weapon in the litigation arsenal and its purpose.

The Court of Appeals, in *Powell v. Gutierrez*, 310 Md. 302, 308, 529 A.2d 352 (1987), stated:

Neither [old] Rule 530 nor Rule 2–507 was promulgated to penalize plaintiffs for having lax attorneys. Their primary focus was on pruning the docket of dead cases. A dead case is one in which neither party demonstrates an interest in having the issue resolved.... [P]arties often neglect to dismiss their suits when their reasons for further prosecution have dissipated. These are the kind of cases that Rule 2–507 was devised to eliminate under a simple procedure.

Further, in *Byrne*, 73 Md.App. at 560–61, 535 A.2d 503, after quoting extensively from *Powell* and citing it with approval, we said:

As we read *Powell*, Rule 2–507 provides a mechanism by means of which the court may rid its docket of dead cases. An essential functionary in the mechanism is the court clerk. *See* Rule 2–507(d). Under this mechanism, the court clerk monitors the docket and notifies the parties when a case reaches the age which, under subsection (c), would qualify it for dismissal. This notice triggers either an automatic dismissal or the filing of a motion by the plaintiff, which requires the court to determine the "litigious vitality" of the case.

The rule does not establish a procedure for the benefit of a civil defendant. Nor does it, explicitly or implicitly, provide for, or contemplate that, a party to the action, by moving to dismiss, may stand in the shoes of the court clerk.... A motion filed by a party, like the notice from the court clerk, does awaken the plaintiff.... The plaintiff's failure to file a motion for deferral in response to defendant's motion does not result in automatic dismissal because the moving party may not act for the court clerk; rather, the case could be dismissed only if the court were to grant the defendant's motion. [Citation omitted.]

The implication is that the purpose of the Rule is to clear the docket of cases that the parties no longer wish to litigate.

Rule 2–507(d) provides that upon the written request of a party, the clerk "shall" initiate the dismissal. That request may well be by motion. Should the clerk fail to act, a further motion to the court requesting that it direct the clerk to comply with the rule may be implicit.

## Further Discussion and Conclusion

A review of the Rules Committee's deliberations prior to its recommendation on the 1988 amendment to Rule 2–507 offers further support for our assertion that the rule does not contemplate initial direct motions by a party to the court. A specific section was initially proposed that provided:

(g) Power of Court Not Limited

The provisions of this Rule do not limit any power of the court, upon motion and for good cause shown, to dismiss an action without prejudice *for failure to prosecute* or to comply with an order of court. [Emphasis added.]

The minutes of the meeting of the Rules Committee held on April 24 and 25, 1987, indicate that Judge Chasanow, now on the Court of Appeals, questioned whether "a plaintiff would have 15 days to respond . . . ." Later, Mr. Howell affirmatively stated that the court's dismissal of a case for failure to prosecute is subject to the parties' right to a hearing. The minutes then reflect:

With respect to section (g), Judge Wilner inquired whether there was any circumstance in which the court could dismiss an action with prejudice. Mr. Howell responded that section (g) was a parallel to section (f) of this Rule which provides: "Entry of Dismissal"—If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket "dismissed for lack of jurisdiction or prosecution without prejudice" 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial. Judge Wilner pointed out that section (f) relates only to a failure to obey the constraints of Rule 2–507 whereas proposed section (g) [also] refers to a failure to comply with an order of court. He expressed some concern that proposed section (g) would

limit the court's authority to dismiss an action with prejudice. . . . Judge Wilner questioned the need to address the issue of defying an order of the court in section (g). . . .[1]

. . . Mr. Howell remarked that section (g) would make a docket entry non-binding on the court's power to dismiss a case. Ms. Richards noted that if the court is permitted to determine that a docket entry is insufficient to prevent dismissal, different results will occur throughout the state, as to when a case should be dismissed. Mr. Howell remarked that section (g) is not an affirmative grant of power. He emphasized that if the court has power otherwise, the presence of a docket entry does not prevent a court from dismissing a case for lack of prosecution. Ms. Richards' second concern was that the failure to appear in a case, under this Rule could result in a dismissal for lack of prosecution.

It was then pointed out that a District Court Rule 3–507(c) expressly provided for dismissal on motion of parties:

Judge Rinehardt referred the Committee's attention to District Court Rule 3–507(c) which states that "On motion of a defendant or on its own initiative, the court may dismiss an action without prejudice for lack of jurisdiction or prosecution" and noted that section (g) is similar to section (c). She added that old Rule 530 and Rule 3–507(c) were intended as housekeeping measures to enable the clerk to eliminate stale cases, but that the rules were not intended to change the court's authority to order a dismissal for failure to prosecute. Ms. Freit added that former Rule 530 was a ministerial rule.

We are even more convinced that general motion practice is not contemplated by the rule because of the fact that the 1988 amendment primarily appears to be a response to *Brown v. Tate*, 68 Md.App. 455, 513 A.2d 921 (1986). In *Tate*, when a

---

1. When submitted to the committee, an explanatory note stated "A distinction is intended between the 'lack of prosecution' that is facially apparent to a clerk who looks at the docket entries, and a 'failure' to prosecute that may involve wilful behavior by a party or counsel."

motion to dismiss was filed by the defendant, the trial court found that such motions were not permitted under the rule because the rule only contemplates that the clerk perform the dismissal function. Subsequently, the clerk properly proceeded to send notice of dismissal. The plaintiff then claimed that the defendant's motion had been a docket entry suspending the rule. The issue before us was whether the 2–507 motion filed by a party operated as a docket entry for the purposes of suspending the Rule. We held then that:

> Rule 2–507(c) specifically excepts from the expression "last docket entry" those entries made pursuant to the rule itself. We think that exemption sufficiently broad to embrace counsel's motion to dismiss for lack of prosecution for violation of the rule and the court's ruling on that motion.

*Id.* at 458, 513 A.2d 921. We qualified our *Tate* holding, however, as the Court of Appeals did in *Brantley,* in a footnote:

> We express no opinion as to the correctness of Judge Williams's ruling on Tate's motion to dismiss inasmuch as that issue is not before us. Md.Rule 1085.

*Id.* The trial judge's ruling below, to which we expressed no opinion in *Tate,* was that Rule 2–507 did not permit parties to file a direct motion with the court. The Rule then in existence contained no provisions or means by which a party could initiate the procedure. It merely provided:

> "When an action is subject to dismissal pursuant to this Rule, the clerk shall serve a notice on all parties...."

*Id.* at 457, 513 A.2d 921 (footnote omitted).

The 1988 amendments were proposed for the primary purpose of providing a method for parties to initiate the procedure. In that regard, the committee proposed to insert the language we emphasize below into the then-existing Rule 2–507(d).

> When an action is subject to dismissal pursuant to this Rule, the clerk, *upon written request of a party or upon the clerk's own initiative,* shall serve a notice on all parties....

The explanatory notes accompanying that amendment included:

> The Trial Subcommittee recommends the amendment to Rule 2–507(d) to conform the rule to the holding in *Brown v. Tate*, 68 Md.App. 455 [513 A.2d 921] (1986). In that case, because of the clerk's inaction, a defendant filed a motion to dismiss pursuant to Rule 2–507. The plaintiff made the argument that the defendant's motion was a "docket entry" sufficient to suspend the operation of the rule. The Court of Special Appeals rejected this reasoning, which would place defendants in a "Catch–22" situation, and held that the exemption in Rule 2–507(c) for "an entry made under this Rule" was broad enough to encompass the defendant's motion.
>
> *Brown v. Tate* involved unusual facts. The case had been dormant two years and eight months. The Trial Subcommittee recognizes the essentially automatic nature of the existing rule and *does not wish to build in a full-blown motion procedure in every case.* Instead the amendment is drafted to permit a party *to prod the clerk by means of an ex parte written request,* such as a line of praecipe, without fear of creating a "docket entry" that would inure to the benefit of the non-diligent party. [Emphasis added.]

Thus, the rule addresses the concern of *Tate, i.e.,* that a motion may be claimed to be a docket entry under the rule. At that time, Judge Williams had ruled that such a motion was not contemplated or permissible. In *Tate,* we declined to address the issue. What we said was that the exemption that did not allow the clerk's action to suspend the rule was broad enough to include docket entries of a party's motion and the court's dismissal of it, as also not suspending the rule. In *Brantley,* the Court of Appeals expressly declined to address the issue, while noting that our per curiam *Brantley* had interpreted *Byrne* to hold that such motions are contemplated by the rule to initiate the process. By not addressing the issue, it also failed to take the opportunity to distinguish the *Tate* holding, which merely said the filing of a motion to

dismiss under the Rule, whether proper or improper, does not suspend the Rule, *i.e.,* it is within the clerk's exemption.

In view of the events, *i.e., Tate,* the Rules Committee's actions and, through its revision of the rules, the Court of Appeals's responses we are constrained to hold that Md.Rule 2–507 does not contemplate, and is not broad enough to encompass, general motion practice. The Committee's and the Court of Appeals's responses to the issue were to provide a limited avenue for party participation in the dismissal process under Rule 2–507, *i.e.,* "the clerk, upon written request of a party ... shall serve a notice...." As the explanatory note indicates the procedure is to be used "to prod the clerk." It does not, in our view, contemplate a separate initial motion filed by a party directly with the court.

We further adhere to this view by reason of the fact that the Rules Committee, during the 1988 amendment process, contemplated a completely new section to Rule 2–507 which, at least facially, would have permitted such a direct motion practice.

> (g) ...
>
> The provisions of this Rule do not limit any power of the court, upon motion and for good cause shown, to dismiss an action without prejudice for failure to prosecute or to comply with an order of court.

Being presented with an amendment containing such language, the committee responded:

> Ms. Richards moved to reject proposed section (g) presenting two reasons in support of the motion: (1) if the common law allows the court to dismiss an action, Rule 1–201(c) provides that the common law is not superseded by the rules and (2) the court should not be given authority to override the provisions of Rule 2–507. The motion was carried by a 10 to 5 vote by the Committee.
>
> ... [P]roposed section (d) was approved.

It is clear to us, then, that the only proper method that may be utilized by a party to initiate the proceedings under Md. Rule 2–507 is through a written request to the clerk. We hold

that, notwithstanding anything in *Byrne* to the contrary, proceedings under Maryland Rule 2–507 may not be commenced by an initial motion to the court bypassing the clerk's office. We expressly overrule anything in *Byrne* to the contrary.[2]

As the appellant is primarily responsible for the delays in this case, we shall direct appellant to pay the costs.

JUDGMENT OF DISMISSAL VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLANT.[3]

---

**2.** We finally, after *Tate, Byrne,* and *Brantley,* hold that Judge Williams's decision in *Tate* as to the non-availability of motion practice was correct.

**3.** We are especially cognizant that the trial judge (Judge James S. McAuliffe, Jr.) in the case *sub judice* was following *Byrne*. Our vacation of his order is based upon our rejection of *Byrne* and is in no way intended to be critical of Judge McAuliffe's actions.