817 A.2d 274

**HI CALIBER AUTO AND TOWING, INC.**

v.

**ROCKWOOD CASUALTY INSURANCE COMPANY.**

No. 1101, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Feb. 26, 2003.

Lowell G. Wilson, Ellicott City, for appellant.

Leonard C. Redmond, III, Baltimore, for appellee.

Argued before ADKINS, BARBERA, MARVIN H. SMITH (Retired, specially assigned) JJ.

MARVIN H. SMITH, Judge, Retired, Specially Assigned.

Appellant, Hi Caliber Auto and Towing, Inc. ("Hi Caliber"), filed an action in the Circuit Court for Howard County against appellee, Rockwood Casualty Insurance Company ("Rockwood"), claiming, *inter alia*, breach of contract. The case was transferred to the Circuit Court for Baltimore County. Rockwood then moved to dismiss the case. The circuit court (Daniels, J.) granted the motion to dismiss with leave to file an amended complaint within 30 days. Hi Caliber filed an amended complaint on October 25, 2000. Thereafter, Rockwood filed a motion to dismiss the amended complaint, which the court denied.

On May 1, 2001, Rockwood filed a motion for reconsideration and a request for a hearing. On May 23, 2001, the circuit court (Turnbull, J.) granted the motion for reconsideration and granted the motion to dismiss the amended complaint. The docket entries reflect that no answer was filed with respect to either the motion to reconsider or the motion to dismiss.

On June 4, 2001, Hi Caliber filed a "motion to reconsider" the court's May 23, 2001 ruling. In that motion, Hi Caliber argued that its counsel "mistakenly believed he was not required to submit an answer to a motion to dismiss for thirty days, plus a three day automatic extension for service by mailing[.]" In support of its motion, Hi Caliber relied upon Md. Rule 1–204(a), which provides, in relevant part:

> (a) **Generally.** When these rules or an order of court require or allow an act to be done at or within a specified time, the court, on motion of any party and for cause shown, may ... (3) on motion filed after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect.

Hi Caliber argued that although its counsel failed to file a timely response to Rockwood's motion to dismiss and motion to reconsider, that omission was not the result of dilatory behavior, but rather was an honest misunderstanding of the Maryland Rules. Counsel for Hi Caliber claimed that although Md. Rule 2–311 [1] requires a response to be filed within fifteen (15) days, one of the annotations to that rule referenced a case, *Thomas v. Ramsburg*, 99 Md.App. 395, 637 A.2d 863 (1994), which he believed provided that a response to a motion

---

1. Md. Rule 2–311(b) provides:

   (b) **Response.** Except as otherwise provided in this section, a party against whom a motion is directed shall file a response within 15 days after being served with the motion, or within the time allowed for a party's original pleading pursuant to Rule 2–321(a), whichever is later. Unless the court orders otherwise, no response need be filed to a motion filed pursuant to Rule 1–204, 2–532, 2–533, or 2–534. If a party fails to file a response required by this section, the court may proceed to rule on the motion.

to dismiss may be filed within thirty (30) days.[2] According to counsel, it was only after Hi Caliber's case had been dismissed that he realized the *Thomas* case was inapplicable to this particular case.

Rockwood filed an opposition to Hi Caliber's motion to reconsider and requested a hearing. The docket entries reflect that the motion to reconsider was denied. This appeal followed.

## ISSUE PRESENTED

The sole issue presented for our consideration is whether the trial court erred in denying Hi Caliber's motion to reconsider the circuit court's May 23, 2001 ruling. Hi Caliber claims that its failure to file timely an answer to the motion to dismiss and to the later motion to reconsider was the result of excusable neglect on the part of its attorney because of the misleading annotation of the *Thomas* case. We disagree. Assuming that excusable neglect is a defense to the failure to file a response to the motion to dismiss and to the later motion to reconsider, an issue which we need not resolve here, it is clear that the court did not abuse its discretion in denying the motion to reconsider. Accordingly, we shall affirm.

## DISCUSSION

The circuit court did not abuse its discretion in denying Hi Caliber's motion to reconsider for two reasons. First, there was no evidence presented below, in the form of affidavit, testimony or otherwise, to support Hi Caliber's claim of excusable neglect on the part of its attorney. The trial court was presented only with the argument of counsel for Hi

---

2. The annotation referencing the *Thomas* case states:
   **Motion to dismiss.**—Rule 2–507 specifically states, and emphasizes, that the clerk must wait thirty days for a response before acting to dismiss the case, rather than 15 days under Rule 2–311(b), governing normal motion practice. *Thomas v. Ramsburg,* 99 Md.App. 395, 637 A.2d 863 (1994).

Caliber in which he admitted his failure to understand the holding of the *Thomas* case.

Even assuming, *arguendo,* that the argument of counsel alone was sufficient to support a claim of excusable neglect, it is clear that counsel's neglect in this instance was not excusable. If counsel had checked the *Thomas* case, he would have found that it involved Md. Rule 2–507, which governs dismissal for lack of jurisdiction or prosecution. That rule is not applicable to the underlying case. Counsel further acknowledged his failure to comprehend fully Md. Rule 2–311, *supra,* which sets forth the filing requirements for a response to a motion. Had counsel familiarized himself with that rule, he would have known that his response was due within 15 days.

While acknowledging these errors, counsel contends that his failure to file a timely response was excusable because he was a relatively inexperienced and busy lawyer who was misled by an annotation. We certainly would be on a slippery slope if we were to have one rule for experienced lawyers and another for inexperienced lawyers. We would also find ourselves in serious trouble if we relied upon, or permitted counsel to rely upon, material contained in case annotations as accurate statements of the law or as extended parts of the rules. Indeed, Rule 1–201(e) specifically cautions that "annotations are not part of these rules." We have made clear on many occasions our view that ignorance of the law is no excuse. See e.g. *Hargrove v. Mayor & City Council of Baltimore,* 146 Md.App. 457, 467, 807 A.2d 149, 154 (2002)(Maryland has rejected ignorance of the law as good cause for late filing under public tort claims acts); *Ohio Casualty Ins. Co. v. Insurance Comm'r,* 39 Md.App. 547, 555, 387 A.2d 622, 626 (1978)("Ignorance of the law cannot serve as an excuse for failure to file a petition of appeal. A reason or explanation of why a particular event occurred is not necessarily an acceptable excuse for the happening. That a lawyer was misled by the caption to a statute explains why he erred, but does not excuse the error any more than the captain who drives his ship upon the shoals is excused because he misread the chart."). Had counsel

actually read the case referenced in the annotation, he would have found that it did not apply to the situation before him.

Neither the Court of Appeals nor this Court has defined "excusable neglect" as used in Rule 1–204(a). However, it certainly did not exist here. Based both on the lack of evidence presented to the court below and on the arguments presented by counsel for Hi Caliber, it is clear to us that the circuit court did not abuse its discretion in denying Hi Caliber's motion to reconsider.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**